IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| PAIGE JOHNSON, | Civil Action No.: 1:15-cv-04308-JMC-SVH |
| Plaintiff, | |
| vs. | |
| UNIVERSAL HEALTH SERVICES, INC.; UHS OF DELAWARE, INC., a wholly, owned subsidiary of Universal Health Services, Inc.; and AIKEN REGIONAL MEDICAL CENTERS, LLC, a wholly-owned subsidiary of UHS of Delaware, Inc., formally doing business as Aiken Regional Medical Centers, Inc., | CONFIDENTIALITY ORDER |
| Defendants. | |

Whereas, the parties to this Consent Confidentiality Order ("parties") have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 5th day of January, 2016, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below. All documents acquired by way of an Authorization for Release of Medical Records and/or medical records subpoena shall also be subject to this Order concerning confidential information as set forth below, and any such documents shall be marked "CONFIDENTIAL" by the requesting party immediately upon receipt and prior to any disclosure of such documents.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential, but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached as Attachment A, which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

2

5. **Protection of Confidential Material.**

    (a) **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5b) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). The parties shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

    (b) **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (i)-(v) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form attached as Attachment B), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

        (i) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

        (ii) parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or

      employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;[2]

   (iii) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

   (iv) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

   (v) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

(c) **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

(d) **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B), counsel shall complete a certification in the form of Attachment C. Counsel shall retain the certification together with the form signed by the party or employee.

with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file with the Court any material that is subject to protection under this Order, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court after proper motion pursuant to Local Civil Rule 5.03.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge:

(a) The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

(b) A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

(c) Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(i) the party who claims that the documents are confidential withdraws such designation in writing;

(ii) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8(b) above; or

(iii) the Court rules that the documents should no longer be designated as confidential information.

(d) Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Treatment on Conclusion of Litigation**.

   (a) **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

   (b) **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶ 5d) shall be returned to the producing party upon request of either party unless: (1) the document has been entered as evidence or filed under seal; (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

January 5, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

**AIKEN DIVISION**

| | |
|---|---|
| PAIGE JOHNSON, ) | Civil Action No.: 1:15-cv-04308-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNIVERSAL HEALTH SERVICES, INC.; UHS OF DELAWARE, INC., a wholly, owned subsidiary of Universal Health Services, Inc.; and AIKEN REGIONAL MEDICAL CENTERS, LLC, a wholly-owned subsidiary of UHS of Delaware, Inc., formally doing business as Aiken Regional Medical Centers, Inc., ) | **CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL** |
| ) | |
| Defendants. ) | |

Documents produced herewith (whose bates numbers are listed below (or) are listed on the attached index) have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action on January 5, 2016.

By signing below, I certify that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

❑    I am a member of the Bar of the United States District Court for the District of South Carolina.  My District Court Bar number is _____.

Date: _____

_____
Signature of Counsel

_____
Printed Name of Counsel

**ATTACHMENT B**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| PAIGE JOHNSON, ) | Civil Action No.: 1:15-cv-04308-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNIVERSAL HEALTH SERVICES, ) | |
| INC.; UHS OF DELAWARE, INC., a ) | **CERTIFICATION BY COUNSEL OF** |
| wholly, owned subsidiary of Universal ) | **DESIGNATION OF INFORMATION AS** |
| Health Services, Inc.; and AIKEN ) | **CONFIDENTIAL** |
| REGIONAL MEDICAL CENTERS, LLC, ) | |
| a wholly-owned subsidiary of UHS of ) | |
| Delaware, Inc., formally doing business as ) | |
| Aiken Regional Medical Centers, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated January 5, 2016, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that a violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____          _____
Date                                                                     Signature

## ATTACHMENT C

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| PAIGE JOHNSON, ) | Civil Action No.: 1:15-cv-04308-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNIVERSAL HEALTH SERVICES, ) INC.; UHS OF DELAWARE, INC., a ) wholly, owned subsidiary of Universal ) Health Services, Inc.; and AIKEN ) REGIONAL MEDICAL CENTERS, LLC, ) a wholly-owned subsidiary of UHS of ) Delaware, Inc., formally doing business as ) Aiken Regional Medical Centers, Inc., ) ) Defendants. ) ) | **CERTIFICATION OF COUNSEL OF NEED FOR ASSISTANCE OF PARTY/EMPLOYEE** |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of ¶ 5b2, I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual. I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑ A named party;

❑ An employee of a named party. This employee's job title is _____ and his/her work address is _____.

_____    _____
Date                                                              Signature

3